Dear Sheriff Jones:
You ask this office to address the following three questions:
 1. May an elected city marshal serve as a part-time deputy sheriff;
 2. May an elected constable serve as a part-time deputy sheriff;
 3. May an elected parish police jury member serve as an unpaid reserve deputy for the sheriff's office?
The Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., prohibit one from holding an elective office in a political subdivision of the state and full-time appointive office. R.S. 42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
(Emphasis added).
Since the position of deputy sheriff is held on a part-time basis, the scenarios contemplated in your first and second questions are not prohibited by law. The definitions of part-time and full-time are found in R.S. 42:62(4) and (5). "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined as full time.
Further, should the position of deputy sheriff be held on a full-time basis, the following exemptions contained in R.S. 42:66(L) and R.S.42:66(M) should be reviewed for applicability:
 L. (1) Nothing in this Part shall be construed to prevent a deputy sheriff from holding the office of either mayor or alderman of a municipality, provided such municipality has a population of two thousand or less, according to the latest federal decennial census.
 (2)(a) Nothing in this Part shall be construed to prohibit a deputy sheriff from holding the office of part-time constable of a justice of the peace court whose jurisdiction has a population of fifteen thousand or fewer persons according to the 1990 federal decennial census, or from holding the office of part-time constable or part-time marshal of a city court in a municipality with a population of ten thousand or fewer persons according to the 1990 federal decennial census, provided such person held both the office of deputy sheriff and the office of constable or marshal prior to January 1, 1997.
(b) Repealed by Acts 2001, No. 127, § 1.
 M. Nothing in this Part shall be construed to prohibit a chief of police of a municipality with a population of less than five thousand according to the 1990 federal decennial census from holding the office of deputy sheriff.
In response to your third question, R.S. 42:63(D) quoted above prohibits any "member of any parish governing authority" from holding "any office or employment with any sheriff." Compensation, or lack thereof, is not relevant to this determination.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams